## GROGAN & LENT *vs.* RUCKLE.

In an action on a promissory note by a special endorsee against the maker, the plaintiff must prove at the trial the genuineness of the endorsements, although the defendant has not denied their genuineness under oath.

THE defendant Ruckle executed his promissory note on the 1st day of January, 1850, whereby he promised to pay on demand to Richard M. Harmer, or order, $1000, with eight per cent. per month interest until paid. The note was afterwards transferred by Harmer, and endorsed by him, as follows : " Pay " to the order of Dr. Wm. H. McKee ;" and was subsequently transferred by McKee, and endorsed by him, as follows : " Pay " Alexander G. Grogan and William M. Lent." To the com-

Grogan *v.* Ruckle.

plaint, which was in the ordinary form of a declaration on a promissory note, the defendant pleaded the general issue, but did not annex to his plea an affidavit denying the genuineness of the endorsements, and did not, in any other way, deny their genuineness under oath. At the trial, the counsel for the defendant insisted that the plaintiffs could not recover without proving the endorsements, but the court ruled otherwise, and the defendant excepted. Judgment having been rendered against the defendant, he brings this appeal.

*R. A. Lockwood*, for plaintiffs.

*John Curry*, for defendant.

*By the Court*, HASTINGS, Ch. J. This action was brought by respondents as endorsees and holders of a promissory note, executed by appellant in favor of one Richard M. Harmer, and by him endorsed to one William H. McKee, and by McKee endorsed to plaintiffs; and the only question submitted is, whether it was necessary, on trial, to prove the endorsements. The 62d sec. of the Practice Act provides, that " when any " complaint or answer is founded on any instrument of writing " which is alleged to have been signed by the party, the signa- " ture shall be considered as admitted, unless denied by such " party on oath. If denied, it may be proved by any proper " evidence." The endorsers are not parties to this action. The maker is a party. If the action had been instituted against the endorsers it would be competent for them to deny the endorsement on oath, and in such case it would not be necessary to prove the endorsement unless so denied. " This statute is " an encroachment on the common law, and should not, there- " fore, be extended beyond the fair import of its terms. Be- " sides, the defendant must be presumed to know whether he " has signed the note himself, and may therefore be reasonably " required to make the affidavit denying the signature. But he " cannot with so much justice be called on to deny the en- " dorsement in the same manner, or else to admit its genuine-

" ness." (*Hardman* v. *Chamberlain, Norris' Iowa Rep.* 104.) The plaintiff should have proved the genuineness of the endorsements before the note was given in evidence on trial. The legislature evidently intended that a party *charged* with the execution of an instrument should not put the plaintiff to the necessity of proving the signature, unless denied, on oath. The judgment, therefore, of the district court will be reversed, and the cause remanded.